[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-14400
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 6, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-01015-CV-TCB-1

FLOYD C. MITCHELL,

                                                            Plaintiff-Appellant,

versus

DEPARTMENT OF VETERANS AFFAIRS,
Health Eligibility Center, an Agency of
Federal Government,

                                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 6, 2009)

Before CARNES, HULL and FAY, Circuit Judges.

PER CURIAM:

Floyd Mitchell appeals <u>pro se</u> the district court's grant of summary judgment in favor of the Department of Veterans Affairs ("VA") on his claim under the Privacy Act, 5 U.S.C. § 552a(g)(1)(D), (4). After review, we affirm.

## I. BACKGROUND

### A.    Mitchell's Child Support Proceedings

Mitchell, a Gulf War Army veteran, suffers from a number of medical conditions, including depression, degenerative disc disease, lung disease and hypertension. In 1991, while still in the Army, Mitchell underwent surgery for sarcoidosis in his lungs, which resulted in his breathing capacity being severely restricted. Shortly afterward, Mitchell was honorably discharged. Mitchell has been on permanent disability VA benefits since 1995.

In 2001 Mitchell fathered a child with Annette Robinson. Robinson instituted child support proceedings in state court. Mitchell was ordered to pay child support. Because Mitchell was disabled and unemployed, he struggled to pay the court-ordered child support and often borrowed money from relatives to do so. In 2002 and 2003, Mitchell was twice held in contempt and jailed for failure to pay child support. Between June and August 2004, Mitchell's financial condition worsened, and he fell behind on his household bills, including his mortgage and utilities bills. Mitchell pawned personal items and borrowed money to pay these

2

bills.

In 2005, Mitchell filed a motion to reduce his child support payments. At a July 2005 hearing on the motion, Robinson attempted to introduce into evidence two VA documents that contained personal information about Mitchell, including his social security number and the amount of his VA benefits. When Mitchell objected to this information, the state court refused to consider the documents. The state court denied Mitchell's motion to reduce, but also denied Robinson's request for a child support increase.

Mitchell testified at his deposition that, after the hearing, he became angry and upset about Robinson's use of this information in the child support dispute and that this aggravated his depression. At his wife's urging, Mitchell saw a psychiatrist, who suggested that Mitchell take medication. Mitchell also was evaluated by a psychologist, who prepared a report. The report stated that Mitchell has suffered from depression since leaving the Army in 1991 and that his depression stems from his physical restrictions after lung surgery. The psychologist diagnosed Mitchell with severe depression and panic disorder and recommended weekly psychotherapy. According to Mitchell, he now takes medication and has obtained counseling through the VA.

**B.    Disclosure of Records**

In August 2005, after the child support hearing, Mitchell complained to the VA about disclosing his records to Robinson. An internal investigation revealed that a VA employee who was Robinson's neighbor had accessed a VA database and printed Mitchell's "Enrollment File List" and "HINQ record" on July 19, 2005. The internal investigation concluded that the information was accessed and disclosed to Robinson without Mitchell's consent or authorization in violation of § 522a of the Privacy Act. The investigation recommended disciplinary action against the VA employee.

## C.    District Court Proceedings

In federal district court, Mitchell filed this pro se action alleging that, as a result of the VA employee's unauthorized disclosure of his records, he suffered mental depression and financial loss. Mitchell asked for damages and injunctive relief. Following discovery, the VA moved for summary judgment. The VA conceded that an unauthorized disclosure of records under the Privacy Act occurred, but argued that Mitchell was not entitled to relief because he had not shown: (1) that the unauthorized disclosure had an "adverse effect" on him, as required by 5 U.S.C. § 552a(g)(1)(D); or (2) that he had suffered "actual damages," as required by 5 U.S.C. § 552a(g)(4).

The district court granted summary judgment on the first ground, concluding

that Mitchell had not suffered an adverse effect as a result of the Privacy Act violation. The district court noted that the VA records were not admitted into evidence at the child support hearing and presumably did not affect the state court's decision not to alter the child support amount. The district court rejected Mitchell's argument that the disclosure aggravated his depression, stating that "[n]othing in the medical report or in any other evidence presented indicates that the [VA's] violation had any significant bearing on Mitchell's current condition" and that "there was no proof offered that psychological care was necessitated by the disclosure itself; rather, the evidence shows that Mitchell's pre-existing, ongoing depressive condition required care."

Mitchell filed an objection, arguing inter alia that the stress from the disclosure aggravated his pre-existing depression. The district court construed the objection as a motion for reconsideration and denied it. Mitchell filed this appeal.

## II. DISCUSSION

The Privacy Act prohibits a federal agency, with some exceptions not applicable here, from disclosing records without prior written consent of the individual to whom the records pertain. 5 U.S.C. § 552a(b). The Privacy Act authorizes a civil action against the agency in district court if an unauthorized disclosure occurs "in such a way as to have an adverse effect on an individual."

§ 552a(g)(1)(D).[1]  Further, the Privacy Act provides a civil damages remedy of at

least $1,000, but only when the agency's conduct was intentional or willful and the

individual has sustained actual damages as a result.  Id. § 552a(g)(4).[2]

Thus, under this statutory framework, a plaintiff must show (1) that he was

adversely affected by an intentional or willful violation of the Privacy Act, and (2)

that he has suffered "actual damages."  See Doe v. Chao, 540 U.S. 614, 620-23,

124 S. Ct. 1204, 1208-10 (2004) (concluding that summary judgment should have

been granted on plaintiff's Privacy Act damages claim for emotional distress where

plaintiff failed to present evidence of actual damages).  This Court has concluded

---

[1]Section 552a(g)(1) states:
**Civil remedies.** - - Whenever any agency
. . .
> (D) fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual,

the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection.
5 U.S.C. § 552a(g)(1)(D).

[2]Section 552a(g)(4) states:
In any suit brought under the provisions of subsection (g)(1)(C) or (D) of this section in which the court determines that the agency acted in a manner which was intentional or willful, the United States shall be liable to the individual in an amount equal to the sum of - -
> (A) actual damages sustained by the individual as a result of the refusal or failure, but in no case shall a person entitled to recovery receive less than the sum of $1,000; and
> (B) the costs of the action together with reasonable attorney fees as determined by the court.

5 U.S.C. § 552a(g)(4)(A)-(B).

that "'actual damages' as used in the Privacy Act permits recovery only for proven pecuniary losses and not for generalized mental injuries, loss of reputation, embarrassment or other non-quantifiable injuries." Fitzpatrick v. IRS, 665 F.2d 327, 331 (11th Cir. 1982), abrogated on other grounds by Doe v. Chao, 540 U.S. at 616, 124 S. Ct. at 1206.[3]

On appeal, Mitchell challenges the district court's conclusion that he failed to present a genuine issue of material fact as to whether he suffered an "adverse effect" from the unauthorized disclosure of his VA records.[4] The Supreme Court has described the Privacy Act's "adverse effect" requirement as "a term of art identifying a potential plaintiff who satisfies the injury-in-fact and causation requirements of Article III standing, and who may consequently bring a civil action without suffering dismissal for want of standing to sue." Doe, 540 U.S. at 624,

---

[3]To the extent Fitzpatrick suggested that a Privacy Act plaintiff need prove actual damages only to be awarded more than the minimum statutory damages of $1,000, Fitzpatrick is no longer good law after Doe. Doe made clear that the Privacy Act "guarantees $1,000 only to plaintiffs who have suffered some actual damages." 540 U.S. at 627, 124 S. Ct. at 1212. However, Doe explicitly left untouched and expressed no opinion about Fitzpatrick's interpretation of the meaning of "actual damages" within the Privacy Act. See id. at 627 n.12, 124 S. Ct. at 1212 n.12. Thus, Fitzpatrick's restriction of "actual damages" to pecuniary losses remains binding precedent in this Circuit.

[4]"We review a district court's grant of summary de novo, viewing the record and drawing all inferences in favor of the non-moving party." Fisher v. State Mut. Ins. Co., 290 F.3d 1256, 1259-60 (11th Cir. 2002). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

7

124 S. Ct. at 1211.  "That is, an individual subjected to an adverse effect has injury enough to open the courthouse door, but without more has no cause of action for damages under the Privacy Act."  Id. at 624-25, 124 S. Ct. at 1211.  However, neither we nor the Supreme Court has addressed what constitutes an "adverse effect" for purposes of the Privacy Act.  In addition, the VA claims Mitchell would need medical evidence to show the record disclosure aggravated his depression.  We need not resolve these questions here, however, because even assuming arguendo that Mitchell's statement that he suffered "aggravated depression" was sufficient to show an "adverse effect," Mitchell did not submit evidence from which a reasonable jury could find "actual damages."

Although Mitchell arguably presented evidence of mental injury–his aggravated depression–he clearly did not present any evidence of his pecuniary losses stemming from that mental injury, such as bills for his medical treatment, psychological counseling or prescriptions.[5]  Under our precedent, Mitchell's mental injury alone is insufficient to show "actual damages."  See Fitzpatrick, 665 F.2d at 329 n.3 (noting that plaintiff's "damages claim was based solely on his

---

[5]Mitchell's declaration summarily states, "The Bill was $425."  However, Mitchell did not state that he paid this bill.  Nor did he even attach a copy of this bill.  The only bills Mitchell submitted were his overdue bills from the summer of 2004, which predated the unauthorized disclosure in July 2005.  Thus, these pecuniary losses were not "sustained . . . as a result of" the Privacy Act violation.  See 5 U.S.C. § 552a(g)(4)(A).

mental injuries" and that plaintiff did not submit evidence "of pecuniary losses, such as expenses of psychiatric care stemming from the disclosure").

Accordingly, the district court properly granted summary judgment to the VA on Mitchell's Privacy Act claim for damages.[6] We also reject Mitchell's argument that the district court abused its discretion in denying his motion for reconsideration.

**AFFIRMED.**

---

[6]For the first time on appeal, Mitchell argues that, even if he has not shown proof of actual damages, he is entitled to recover costs under 5 U.S.C. § 552a(g)(4)(B). We decline to address this issue because it was not raised in the district court. See McGinnis v. Ingram Equip. Co., Inc., 918 F.2d 1491, 1495 (11th Cir. 1990). Mitchell does not challenge the entry of summary judgment on his injunctive relief claim. Thus, we do not address this issue either. See Tanner Advert. Group, LLC v. Fayette County, 451 F.3d 777, 778 (11th Cir. 2006).